UNITED STATES DISTRICT COURT for the
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

JEREMIAH SULLIVAN, in his fiduciary capacity as a Trustee
for the POINTERS, CLEANERS & CAULKERS WELFARE,
PENSION & ANNUITY FUNDS, the BRICKLAYERS JOINT
APPRENTICE TRAINING FUND, the LABOR
MANAGEMENT FUND, and the PROMOTION FUND,
and as President of the BRICKLAYERS AND ALLIED
CRAFTWORKERS LOCAL UNION NO. 1, B.A.C.I.U.,
AFL-CIO, and the TRUSTEES of the BRICKLAYERS AND
TROWEL TRADES INTERNATIONAL PENSION FUND and
the INTERNATIONAL MASONRY INSTITUTE,

**ORIGINAL**

**COMPLAINT**

**6041**

CV 13

13-CV-

                                                    Plaintiffs,

-against-

ORBA CONSTRUCTION CORP., RIKKI KUMAR,
RAKESH KUMAR, JOHN and/or JANE DOE FIDUCIARY,
and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,

                                                    Defendants.

-------------------------------------------------------------------------------X

Plaintiffs, by their attorneys, HOLM & O'HARA LLP, as and for their Complaint

against the Defendants, allege the following:

## NATURE OF ACTION

1.    This is an action arising under the Employee Retirement Income Security

Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq., the Labor Management

Relations Act ("LMRA"), 29 U.S.C. § 141, et seq., and common law.

## JURISDICTION AND VENUE

2.    Jurisdiction over the causes of action alleged herein is conferred upon this

Court by 28 U.S.C. §§ 1331 and 1337; by 29 U.S.C. §§ 185(c), 1109(a), 1132(a)(2), 1132(a)(3),

1132(d), 1132(e)(1) and 1132(f).

3.    Venue is properly placed in the Eastern District of New York under 29

U.S.C. §§ 185(a) and 1132(e)(2) in that the subject plans are administered in the County of

Queens, New York, and Bricklayer and Allied Craftworkers Local Union No. 1 has its principal

place of business in the County of Queens, New York.

## PARTIES

4.     Plaintiffs, Pointers, Cleaners & Caulkers Welfare, Pension & Annuity

Funds and Bricklayers Joint Apprentice Training Funds ("PCC Funds") are jointly trusteed

"multiemployer plans" established pursuant to a collective bargaining agreement and by trust

indentures.  The PCC Funds are employee benefit plans within the meaning of 29 U.S.C. §§

1002(2), (3), and 1132(d)(l) and multiemployer plans within the meaning of 29 U.S.C. §§

1002(37) and 1145.  The PCC Funds are the administrator of all of the ERISA Plans and the

Non-ERISA Plans (the "Plans").  Under the collective bargaining agreements, signatory

employers, including the defendant company, are required to remit the required contributions, as

well as summaries of their payroll records.  The PCC Funds are authorized to maintain suit as an

independent legal entity under 29 U.S.C. § 1132(d)(l).  The PCC Funds are administered and

maintain an office located at 66-05 Woodhaven Boulevard, Rego Park, New York 11374.

5.     In addition, the PCC Funds collect assessments from certain employees

covered by the collective bargaining agreements who authorize their employers to deduct from

their wages union dues and assessments due to the union ("Union Amounts").

6.     The PCC Funds also collect, in accordance with the collective bargaining

agreements, contributions due to the following non-ERISA plans: the Labor Management

Relations Fund and the Promotion Fund ("non-ERISA Plans").  Together, the Union Amounts

and the amounts owed to the non-ERISA Plans are referred to as the "Non-ERISA

contributions."  The contributions to the ERISA Plans and the non-ERISA contributions are

collectively referred to as "Contributions."

7.     Plaintiff, Bricklayers & Trowel Trades International Pension Fund

("IPF"), by its employer and employee representatives and Trustees, John J. Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, Henry Kramer, Tim Driscoll, Eugene George, Robert Hoover, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, William McConnell, Charles Costella, and John Trendell (hereinafter the "International IPF Trustees") is a multi-employer, labor-management trust fund, organized and operated pursuant to various collective bargaining agreements in accordance with 29 U.S.C. § 186(c)(5). The IPF is an employee benefit plan within the meaning of 29 U.S.C. §§ 1002(2), (3), and 1132(d)(l) and multiemployer plans within the meaning of 29 U.S.C. §§ 1002(37) and 1145. The Trustees of the IPF, in their respective capacities as fiduciaries, bring this action of, and for the benefit of, the participants and beneficiaries of the IPF.  The IPF is administered and maintained at its office located at 620 F Street, NW, 9th Floor, Washington, DC 20004.

8.      The IPF is also authorized to effect collections on behalf of the plaintiff International Masonry Institute ("IMI") pursuant to a written Assignment of Claims and the *Collection Procedures of the Central Collection Unit of the Bricklayers and Allied Craftworkers* ("Collection Procedures").

9.      Plaintiff, IMI, by its employer and employee representatives and Trustees, Jim Allen, Matthew Aquiline, James Boland, Ted Champ, Bruce Dexter, Tim Driscoll, Eugene George, Gregory Hess, Robert Hoover, Fred Kinateder, Mark King, Henry Kramer, Ken Kudela, Dan Kwiatkowski, Ken Lambert, William McConnell, Edward Navarro, Jim O'Connor, John Phillips, Charles Raso, Mark Rose, Kevin Ryan, Gerard Scarano, Michael Schmerbeck, Joseph Speranza, Jeremiah Sullivan, Richard Tolson, John Trendell, and Fred Vautour (hereinafter the "International IMI Trustees"), is a multi-employer, labor-management trust fund, organized and operated pursuant to various collective bargaining agreements in accordance with 29 U.S.C. § 186(c)(5). The IMI is an employee benefit plan within the meaning of 29 U.S.C. §§ 1002(2), (3),

3

and 1132(d)(l) and multiemployer plans within the meaning of 29 U.S.C. §§ 1002(37) and 1145. The Trustees of the IMI, in their respective capacities as fiduciaries, bring this action on behalf of, and for the benefit of, the beneficiaries of the IMI.  The IMI is administered and maintained at its office located at 620 F Street, NW, 9th Floor, Washington, DC 20004.

10.    Plaintiff Bricklayers and Allied Craftworkers Local Union No. 1, B.A.C.I.U., AFL-CIO ("LOCAL 1") is an association under the laws of the State of New York and a labor organization within the meaning of 29 U.S.C. § 185 that represents employees in an industry affecting commerce as defined in 29 U.S.C. § 142(1) and 29 U.S.C. § 1002(12). LOCAL 1 maintains offices located at 4 Court Square, Long Island City, New York 11101.

11.    Plaintiff Jeremiah Sullivan is a Trustee of the PCC Funds and President of LOCAL 1 and this lawsuit is brought in his capacity and in the Board of Trustees of the IPF FUND's and IMI FUND's (collectively "INTERNATIONAL FUNDS") capacity as fiduciaries of their respective funds within the meaning of ERISA 29 U.S.C. §1002 (21).

12.    Upon information and belief, defendant, Orba Construction Corp. ("ORBA"), was a domestic corporation organized under and existing by virtue of the laws of the State of New York, at all times relevant to this action, with its offices and principal places of business located at 280 Hobart Street, Perth Amboy, New Jersey 08861 and 2525 Brunswick Avenue, Linden, New Jersey 07036.

13.    Upon information and belief, ORBA was an "employer," within the meaning of 29 U.S.C. §§ 1002(5) and 1145 at all times relevant to this action, and an "employer engaged in an industry affecting commerce," within the meaning of 29 U.S.C. § 185.

14.    Upon information and belief, defendant, Rikki Kumar ("KUMAR"), a natural person, has been, at all material times relevant to this action, an officer of ORBA and the last known residence for KUMAR is 2525 Brunswick Avenue, Linden, New Jersey 07036.

15.     Upon information and belief, defendant KUMAR is a "fiduciary," with respect to the FUNDS, within the meaning of ERISA, 29 U.S.C. § 1002(21)(A) and Article 3-A of the New York Lien Law.

16.     Upon information and belief, KUMAR exercised authority or control respecting the management or disposition of plan assets that should have been held in trust by ORBA and remitted to the PCC Funds and INTERNATIONAL FUNDS (collectively, "FUNDS").

17.     Upon information and belief, KUMAR exercised unauthorized dominion or control respecting the management or disposition of union dues and assessments (collectively, "dues and assessments") that should have been held in trust by ORBA and remitted to LOCAL 1, in a manner that interfered with LOCAL 1's legal title or superior right of possession of said dues and assessments.

18.     Upon information and belief, KUMAR is a "fiduciary," with respect to the FUNDS, within the meaning of ERISA, 29 U.S.C. § 1002(21)(A) and Article 3-A of the New York Lien Law.

19.     Upon information and belief, defendant, Rakesh Kumar ("RAKESH"), a natural person, has been, at all material times relevant to this action, an officer of ORBA and the last known residence for RAKESH is 2525 Brunswick Avenue, Linden, New Jersey 07036.

20.     Upon information and belief, defendant RAKESH is a "fiduciary," with respect to the FUNDS, within the meaning of ERISA, 29 U.S.C. § 1002(21)(A) and Article 3-A of the New York Lien Law.

21.     Upon information and belief, RAKESH exercised authority or control respecting the management or disposition of plan assets that should have been held in trust by ORBA and remitted to the FUNDS.

22. Upon information and belief, RAKESH exercised unauthorized dominion or control respecting the management or disposition of dues and assessments that should have been held in trust by ORBA and remitted to LOCAL 1, in a manner that interfered with LOCAL 1's legal title or superior right of possession of said dues and assessments.

23. Upon information and belief, RAKESH is a "fiduciary," with respect to the FUNDS, within the meaning of ERISA, 29 U.S.C. § 1002(21)(A) and Article 3-A of the New York Lien Law.

24. Upon information and belief, defendant John and/or Jane Doe Fiduciary ("DOE Fiduciary") is a fiduciary with respect to the FUNDS, within the meaning of ERISA, 29 U.S.C. § 1002(21)(A) and Article 3-A of the New York Lien Law.

25. Upon information and belief, DOE Fiduciary exercised authority or control respecting the management or disposition of plan assets that should have been held in trust by ORBA and remitted to the FUNDS.

26. Upon information and belief, DOE Fiduciary exercised unauthorized dominion or control respecting management or disposition of dues and assessments that should have been held in trust by ORBA and remitted to LOCAL 1, in a manner that interfered with LOCAL 1's legal title or superior right of possession of said dues and assessments.

27. Upon information and belief, at all relevant times herein, defendant Fidelity and Deposit Company of Maryland ("FIDELITY") was and is an insurance company duly authorized and licensed to issue insurance policies in the State of New York by the Insurance Department of the State of New York with its office and principal place of business at 600 Red Brook Boulevard, Owing Mills, MD 21117.

## PRELIMINARY STATEMENT

28.     KUMAR, on behalf of himself and ORBA, executed the Collective

Bargaining Memorandum of Agreement between LOCAL 1 and the Building Restoration

Contractors Association ("BRCA") for July 1, 2008 through June 30, 2012 ("'08 MEMO").

29.     The '08 MEMO binds ORBA to the terms of the Collective Bargaining

Agreement between LOCAL 1 and the BRCA for the period of July 1, 2008 through June 30,

2012 (the "'08 CBA").

30.     ORBA employed employees covered under the '08 CBA.

31.     ORBA submitted monthly payroll remittance reports which contain a

declaration stating that by "submitting such report," EMPLOYER agrees that the EMPLOYER

"is a party to the collective bargaining agreement in effect at the time the work was performed."

32.     At all times relevant to the allegations of this Complaint, ORBA and

KUMAR (collectively "EMPLOYER") and LOCAL 1 have been parties to and bound by '08

CBA and the '08 MEMO (collectively "AGREEMENT"), governing the rates of pay and the

working conditions of individuals employed by ORBA within the jurisdiction of LOCAL 1.

33.     The '08 MEMO states that the individual signing on behalf of the

employer "affixes his signature in a dual capacity both on behalf of himself and on behalf of the

Employer and represents by his signature his authority to bind himself, the Employer and the

principals and members thereof.  The person signing on behalf of the Employer also agrees to be

personally bound by and to assume all obligations of the Employer provided for in the

Agreement."

34.     KUMAR, having executed the '08 MEMO, is bound personally for all

liability arising under the AGREEMENT.

35.     On the signature page of the '08 MEMO, KUMAR included his social

security number.

36.     On the signature page of the '08 MEMO, KUMAR also included his individual telephone number.

37.     The AGREEMENT, including, but not limited to Articles IV, V, VI and VII, defines: (a) the employees covered by the AGREEMENT; and (b) the work covered by the AGREEMENT.

38.     Article XXIV of the AGREEMENT binds EMPLOYER, whether as an individual, partner, or employee of a partnership or as an officer, director, stockholder, or employee of a corporation, to the terms of the AGREEMENT whether doing business as an individual under another trade name, or as a partner or employee of another partnership, or as an officer, director, stockholder, or employee of another corporation, or as a joint-venturer.

39.     Article XX, Sections 2 and 4(i) of the AGREEMENT binds to the AGREEMENT any other entity formed or acquired by EMPLOYER or any entity in which EMPLOYER has an interest.

40.     Article XV, Section 1 of the AGREEMENT requires EMPLOYER to pay wage and wage supplements in the form of fringe benefit contributions to the PCC Funds for all employees employed by ORBA and covered by the AGREEMENT from the first day of employment forward at the rates specified in said AGREEMENT.

41.     Articles XIV and XVI of the AGREEMENT require EMPLOYER to deduct and remit to LOCAL 1 a portion of its employees wages in the form of dues and various assessments for all employees performing work covered by the AGREEMENT at rates specified in said AGREEMENT.

42.     Article XV, Section 5 of the AGREEMENT requires EMPLOYER to be bound by the written terms of the FUNDS' Trust Agreements.

43.      Article XV, Section 4 of the AGREEMENT requires EMPLOYER to submit monthly payroll remittance reports regardless of whether the employer performed work covered by the AGREEMENT for the month.

44.      Article XV, Section 7 of the AGREEMENT requires EMPLOYER: 1) to turn over all books and records requested by the FUNDS' auditors pursuant to a periodic review and audit designed to ensure that all contributions owed pursuant to the AGREEMENT are paid in full; and 2) to pay the costs of the audit if EMPLOYER is found delinquent.

45.      Article XV, Section 7 of the AGREEMENT requires EMPLOYER to retain for a period of six (6) years payroll and related records necessary for a proper audit.

46.      In the event EMPLOYER refuses to turn over the books necessary to conduct a proper audit, Article XV, Section 7 paragraph (b) of the AGREEMENT permits the Trustees to determine that EMPLOYER's monthly hours subject to contributions for each month of the audit period are the highest number of hours for any month during the twelve (12) preceding months audited or during the last twelve (12) months for which reports were filed, whichever monthly number of hours is greater.

47.      Article XV, Section 7 of the AGREEMENT gives the FUNDS' the right to seek a court order permanently enjoining EMPLOYER and their agents from failing to submit monthly payroll remittance reports, pay the required contributions, and cooperate in an audit. Further, EMPLOYER agrees not to raise any defense or counterclaim to the FUNDS' application for such order.

48.      Article XV, Section 7 of the AGREEMENT entitles the FUNDS to simple interest at a rate of not less than ten percent (10%) per annum on all contributions owed by EMPLOYER.

49.      Article XV, Section 7 of the AGREEMENT provides that the FUNDS are

entitled to liquidated damages of twenty percent (20%), interest, costs, and attorneys' fees pursuant to the civil enforcement provisions of ERISA.

50.     Since on or about October 1, 2009 to date, ORBA has failed to submit fringe benefit contributions to the FUNDS, and dues and assessments to LOCAL 1 for employees performing work covered by the AGREEMENT.

**Labor and Material Payment Bond for Park East High School**

51.     Upon information and belief, ORBA and the New York City School Construction Authority ("SCA") entered into an agreement to perform parapet work on Park East Alternative High School ("PARK EAST HS") located at 230 East 105th Street, New York, NY 10029.

52.     ORBA issued to the SCA on February 17, 2011 labor and material payment bond, Bond No. PRF08933746, through Jeanne Primavera, Attorney-in-Fact, ("PARK EAST HS BOND"), for $2,887,000.00 on behalf of the principal, ORBA, with respect to the PARK EAST HS project.

53.     The PARK EAST HS BOND states that a claimant is one who has a direct contract with the Principal or with a subcontractor of the Principal for providing labor, material, or both.

54.     The PARK EAST HS BOND states that all claimants may sue on the bond "for such sum or sums as may be justly due the claimant."

55.     The terms of the AGREEMENT bind ORBA to LOCAL 1 and the FUNDS and govern all amounts justly due the employees of ORBA performing work within the terms of the AGREEMENT.

56.     Work at PARK EAST HS was performed by employees of ORBA who are members of LOCAL 1 and/or participants in the FUNDS.

57.     By way of letters dated September 10, 2013, September 25, 2013, and October 29, 2013, PLAINTIFFS gave notice to ORBA, FIDELITY, and the SCA that ORBA failed to make fringe benefit contributions and dues and assessments payments to PLAINTIFFS for work performed under the PARK EAST HS BOND for the period October 1, 2009 through December 31, 2011.

58.     FIDELITY is obligated under the PARK EAST HS BOND, NY State Finance Law § 137, NY Labor Law §220-g and the common law to pay such sum or sums as may be justly due under the AGREEMENT to employees represented by LOCAL 1 and/or participants in the FUNDS for work performed by said employees on the PARK EAST HS project.

59.     Under the terms of the PARK EAST HS BOND, FIDELITY is liable for all claims under the PARK EAST HS BOND.

60.     Pursuant to the PARK EAST HS BOND, FIDELITY is required to pay all amounts due to the FUNDS and LOCAL 1 to the extent ORBA defaults in its obligation to pay wages and wage supplements for LOCAL 1 members and/or FUNDS' participants employed by ORBA who performed work on the PARK EAST HS project.

**Labor and Material Payment Bond for PS 73K**

61.     Upon information and belief, ORBA and the SCA entered into an agreement to perform parapet work on PS 73K located at 251 MacDougal St., Brooklyn, NY 12233.

62.     ORBA issued to the SCA on December 7, 2010 labor and material payment bond, Bond No. PRF08933742, through Jeanne Primavera, Attorney-in-Fact, ("PS 73K BOND"), for $3,084,000.00 on behalf of the principal, ORBA, with respect to the PS 73K project.

63.     The PS 73K BOND states that a claimant is one who has a direct contract with the Principal or with a subcontractor of the Principal for providing labor, material, or both.

64.     The PS 73K BOND states that all claimants may sue on the bond "for such sum or sums as may be justly due the claimant."

65.     The terms of the AGREEMENT bind ORBA to LOCAL 1 and the FUNDS and govern all amounts justly due the employees of ORBA performing work within the terms of the AGREEMENT.

66.     Work at PS 73K was performed by employees of ORBA who are members of LOCAL 1 and/or participants in the FUNDS.

67.     By way of letters dated September 10, 2013, September 25, 2013, and October 29, 2013, PLAINTIFFS gave notice to ORBA, FIDELITY, and the SCA that ORBA failed to make fringe benefit contributions and dues payments to PLAINTIFFS for work performed under the PS 73K BOND for the period October 1, 2009 through December 31, 2011.

68.     FIDELITY is obligated under the PS 73K BOND, NY State Finance Law § 137, NY Labor Law §220-g and the common law to pay such sum or sums as may be justly due under the AGREEMENT to employees represented by LOCAL 1 and/or participants in the FUNDS for work performed by said employees on the PS 73K project.

69.     Under the terms of the PS 73K BOND, FIDELITY is liable for all claims under the PS 73K BOND.

70.     Pursuant to the PS 73K BOND, FIDELITY is required to pay all amounts due the FUNDS and LOCAL 1 to the extent ORBA defaults in its obligation to pay wages and wage supplements for LOCAL 1 members and/or FUNDS' participants employed by ORBA who performed work at PS 73K.

**Notification to the EMPLOYER**

71.     At the direction of the Trustees, the FUNDS' auditor, Kobgo Associates, Inc. ("Kobgo"), performed an audit examination of ORBA's books and records for the period October 1, 2009 through December 31, 2011.

72.     Kobgo issued an audit report dated August 19, 2013 ("Audit"), that found delinquencies in unpaid contributions, and dues and assessments in the amount of $36,824.93 due and owing from ORBA to PLAINTIFFS.

73.     On September 10, 2013 and September 25, 2013, H&O sent certified letters, return receipts requested, to FIDELITY, ORBA, and the SCA advising them that contributions, and dues and assessments are due and owing to PLAINTIFFS for the PARK EAST HS and PS 73K projects.

74.     On September 27, 2013, H&O received a letter from ORBA dated September 26, 2013, enclosing a check in the amount of $11,425.48 for partial payment towards the delinquencies reported in the Audit. ORBA also enclosed copies of certified payrolls for PS 73K and PARK EAST HS that were not previously provided during the audit examination.

75.     Based on Kobgo's review of ORBA's additional certified payroll reports, it was determined that additional monies are owed to PLAINTIFFS for the PS 73K and PARK EAST HS projects. On October 29, 2013, Kobgo issued revised schedules showing these additional delinquencies.

76.     Based on the revised schedules—which credited the partial payment made by ORBA in the amount of $11,425.48 and added the amounts that were found due and owing for the PS 73K and PARK EAST HS projects based upon a review of certified payrolls—ORBA still owes PLAINTIFFS unpaid contributions, and dues and assessments for the period of October 1, 2009 through December 31, 2011.

77.     By letter dated October 29, 2013, H&O sent copies of the revised schedules for the PS 73K and PARK EAST HS projects to ORBA and FIDELITY, which show that ORBA owes PLAINTIFFS the amount of $15,544.19 for the PS 73K project and the amount of $2,312.46 for the PARK EAST HS project.

**Violations of the AGREEMENT, ERISA, Common Law, and New York State Lien Law**

78.     Pursuant to the AGREEMENT, ERISA and common law, the FUNDS are entitled to an Order requiring EMPLOYER to produce a complete set of books and records for review by the FUNDS' auditor for the period October 1, 2009 to date.

79.     In violation of the AGREEMENT and ERISA, EMPLOYER has failed to remit delinquent contributions to the FUNDS for the period October 1, 2009 to date, in an amount estimated to be not less than $23,178.08 based upon the Audit and revised schedules for the period October 1, 2009 through December 31, 2011, subject to verification by a complete audit.

80.     Pursuant to 29 U.S.C. § 1132(g)(2) and the AGREEMENT, the FUNDS are entitled to recover: (a) all remaining delinquent contributions for the period October 1, 2009 to date and continuing throughout the pendency of this action, in an amount not less than $23,178.08, subject to verification by a complete audit; (b) liquidated damages of twenty percent (20%) on all delinquent contributions; (c) interest at the rate of ten percent (10%) per annum on all delinquent contributions (as defined in the AGREEMENT); (d) audit costs; (e) reasonable attorneys' fees, costs, and expenses; (f) along with such other legal and equitable relief as the Court deems appropriate.

81.     In violation of the AGREEMENT, EMPLOYER failed to remit dues and assessments to LOCAL 1, for the period October 1, 2009 to date and continuing throughout the pendency of this action, in an amount not less than $2,731.96, subject to verification by a

complete audit.

82.    Pursuant to the AGREEMENT and New York C.P.L.R. 5001 and 5004, LOCAL 1 is entitled to recover all delinquent dues and assessments, for the period October 1, 2009 to date and continuing throughout the pendency of this action, in an amount not less than $2,731.96, subject to verification by a complete audit, and prejudgment interest at nine percent (9%) per annum from the date due to the date paid.

**Fiduciary Claims against KUMAR, RAKESH and DOE Fiduciary**

83.    New York Lien Law, Article 3-A, Section 70 imposes a trust upon all funds dedicated to an improvement of a parcel of real property.

84.    New York Lien Law, Article 3-A also imposes a fiduciary duty on KUMAR, RAKESH, and/or DOE Fiduciary, to distribute the proceeds of the trust in accordance with the priority scheme set forth therein.

85.    Article XV, Section 7(e) of the AGREEMENT binds, personally, the officers, partners, directors, stockholders and/or employees of ORBA who are vested with authority and control over the submission of reports and/or the payments of contributions to the FUNDS, to submit the required reports and to pay the required contributions to the FUNDS.

86.    Article XV, Section 5 of the AGREEMENT binds EMPLOYER directly to the provisions of the Agreement and Declaration of Trust for each of the FUNDS (Welfare, Pension and Annuity, individually), as though the Employer had actually signed the individual documents, and further binds the Employer to all actions taken by the Trustees of each of the FUNDS pursuant to said Agreements and Declarations of Trust, as amended, and their respective Plans, as amended.

87.    The Agreement and Declaration of Trust for each of the FUNDS provides, in relevant part, under Article II, Section 2 that: "The assets of the Trust Fund shall not revert or

15

be used for or inure to the benefit of any of the Employers. . . ."

88.    The Agreement and Declaration of Trust for each of the FUNDS provides, in relevant part, under Article III, Section 3 that: "[a]ll contributions required from an Employer shall, after their due date and until their payment over in full by the Employer to the Trust Fund, be deemed to constitute a trust fund in the possession of such Employer; and said Employer shall be responsible and liable therefore as a fiduciary."

89.    Upon information and belief, KUMAR, RAKESH, and/or DOE Fiduciary, exercised dominion and control respecting the management or disposition of the FUNDS' plan assets (i.e. contributions) by signing checks on behalf of EMPLOYER.

90.    Upon information and belief, KUMAR, RAKESH, and/or DOE Fiduciary, diverted contributions due the FUNDS, to other entities and individuals, in order to avoid their fiduciary obligations.

91.    In violation of the AGREEMENT and ERISA, KUMAR, RAKESH, and/or DOE Fiduciary, failed to remit all contributions for the period October 1, 2009 to date and continuing throughout the pendency of this action in an amount not less than $23,178.08, subject to verification by a complete audit.

92.    Pursuant to 29 U.S.C. § 1109(a) and the AGREEMENT, the FUNDS are entitled to recover from KUMAR, RAKESH, and/or DOE Fiduciary, the following: (a) all delinquent contributions found due and owing from October 1, 2009 to date and continuing throughout the pendency of this action in an amount not less than $23,178.08, subject to verification by a complete audit; (b) interest at ten percent (10%) per annum on all delinquent contributions (as defined in the AGREEMENT); (c) audit costs; and (d) reasonable attorneys' fees, costs and expenses.

93.    Pursuant to Article XIV of the AGREEMENT, EMPLOYER must deduct

union dues and assessments from employees' wages and was required to remit union dues and assessments on a monthly basis to LOCAL 1 for each member of LOCAL 1 in the employ of ORBA.

94.     By signing checks on behalf of ORBA, KUMAR, RAKESH, and/or DOE Fiduciary, exercised dominion and control respecting the management or disposition of union dues and assessments that should have been held in trust by EMPLOYER and remitted to LOCAL 1.

95.     KUMAR, RAKESH, and/or DOE Fiduciary, failed to remit union dues and assessments due and owing to LOCAL 1 for employees of ORBA for October 1, 2009 to date and continuing throughout the pendency of this action in an amount not less than $2,731.96, subject to verification by a complete audit.

96.     Upon information and belief, KUMAR, RAKESH, and/or DOE Fiduciary, diverted dues and assessments due to LOCAL 1 to other entities and/or individuals in order to avoid their fiduciary obligations.

97.     KUMAR, RAKESH, and/or DOE Fiduciary, interfered with plaintiff LOCAL 1's right to possess and control those dues and assessments under common law and Article 3-A of the New York Lien Law.

98.     Pursuant to common law and Article 3-A of the New York Lien Law, LOCAL 1 is entitled to recover from KUMAR, RAKESH, and/or DOE Fiduciary, the union dues and assessments for October 1, 2009 to date and continuing throughout the pendency of this action in an amount not less than $2,731.96, subject to verification by a complete audit.

**Injunctive Relief**

99.     EMPLOYER's failure to abide by the AGREEMENT will result in the FUNDS being required to deny the employee-beneficiaries for whom required contributions

have not been made, the benefits provided thereunder, thereby causing to such employee-beneficiaries substantial and irreparable damage.

100.    Further, the FUNDS will be required to provide to employees of EMPLOYER benefits provided for under the AGREEMENT, notwithstanding EMPLOYER's failure to make required contributions, thereby reducing the corpus of such funds administered by the FUNDS and endangering the rights of employee-beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

101.    The FUNDS are without an adequate remedy at law and the employee-beneficiaries of the FUNDS and the members of LOCAL 1 will suffer immediate, continuing, and irreparable injury, loss, and damage unless EMPLOYER is ordered to perform specifically all of their obligations to the FUNDS and to LOCAL 1 under the terms of the AGREEMENT and are restrained from continuing their refusal to perform.

## AS AND FOR PLAINTIFF FUNDS' FIRST CLAIM
## FOR RELIEF AGAINST EMPLOYER

102.    Plaintiffs FUNDS repeat and reallege paragraphs "1" through "101" hereof with the same force and effect as if such were fully set forth herein.

103.    EMPLOYER's failure to submit contributions due and owing the FUNDS, as set forth in paragraphs "71" through "77" herein, constitutes a violation of 29 U.S.C. §§ 1132 and 1145.

104.    Accordingly, pursuant to 29 U.S.C. § 1132(g)(2), the FUNDS are entitled to recover the following: (a) all unpaid contributions found due and owing for the period October 1, 2009 to date, and continuing throughout the pendency of this action, in an amount not less than $23,178.08, subject to verification by a complete audit; (b) liquidated damages in the amount of twenty percent (20%) on all unpaid contributions; (c) simple interest at ten percent (10%) per annum on all unpaid contributions (as defined in the AGREEMENT); (d) audit costs;

(e) reasonable attorneys' fees, expenses and costs of the action; and (f) such other legal and equitable relief as the Court deems appropriate.

## AS AND FOR PLAINTIFF FUNDS' SECOND CLAIM
## FOR RELIEF AGAINST THE EMPLOYER

105.    Plaintiffs FUNDS repeat and reallege paragraphs "1" through "104" hereof with the same force and effect as if such were set forth here in full.

106.    EMPLOYER's failure to submit contributions due and owing to the FUNDS for the period October 1, 2009 to date, in an amount not less than $23,178.08, subject to verification by a complete audit, as set forth in paragraphs "71" through "77" herein, constitutes a violation of the AGREEMENT.

107.    Accordingly, the AGREEMENT entitles the FUNDS to receive from EMPLOYER the following: a) all unpaid contributions for the period October 1, 2009 to date and continuing throughout the pendency of this action, in an amount not less than $23,178.08, subject to verification by a complete audit; b) audit costs; c) full damages pursuant to ERISA, including liquidated damages of twenty percent (20%), interest at ten percent (10%) per annum (as defined in the AGREEMENT), reasonable attorneys' fees, expenses and costs of the action.

## AS AND FOR PLAINTIFF FUNDS' THIRD CLAIM
## FOR RELIEF AGAINST THE EMPLOYER

108.    Plaintiff FUNDS repeat and reallege each and every allegation contained in paragraphs "1" through "107" hereof with the same force and effect as if such were fully set forth herein.

109.    The EMPLOYER's failure to provide a complete set of books and records for the audit as set forth in paragraphs "71" through "77" herein, constitutes a violation of the AGREEMENT and 29 U.S.C. §§ 1132 and 1145.

110.    Accordingly, the FUNDS, pursuant to the common law and the

AGREEMENT, are entitled to estimate the total contributions due and owing, and pursuant to 29 U.S.C. § 1132 are entitled to pre-judgment interest on the estimate contributions owed, liquidated damages of twenty percent (20%) on the estimate contributions, audit costs, reasonable attorney's fees, costs, and expenses, along with such other legal and equitable relief as the court deems appropriate.

### AS AND FOR PLAINTIFF LOCAL 1's FIRST CLAIM
### FOR RELIEF AGAINST EMPLOYER

111. Plaintiff LOCAL 1 repeats and realleges each and every allegation contained in paragraphs "1" through "110" hereof with the same force and effect as if fully set forth herein.

112. EMPLOYER's failure to remit dues and assessments to LOCAL 1 for the period October 1, 2009 to date, in an amount not less than $2,731.96, subject to verification by a complete audit, as set forth in paragraphs "71" through "77" herein, constitutes a violation of Article XIV of the AGREEMENT.

113. Accordingly, EMPLOYER is liable to LOCAL 1 for the following: (a) unremitted dues and assessments for the period October 1, 2009 to date, and continuing throughout the pendency of this action, in an amount not less than $2,731.96, subject to verification by a complete audit; and (b) accrued prejudgment interest of nine percent (9%) per annum on said dues and assessments from the due date to the date of payment.

### AS AND FOR THE PLAINTIFF FUNDS' CLAIM
### FOR RELIEF AGAINST DEFENDANT KUMAR AS A FIDUCIARY

114. Plaintiff FUNDS repeat and reallege each and every allegation contained in paragraphs "1" through "113" of this Complaint as if fully set forth herein.

115. EMPLOYER is required to make contributions to the FUNDS.

116. To the extent that KUMAR signed checks on behalf of EMPLOYER,

KUMAR constitutes a fiduciary under ERISA, 29 U.S.C. §1002(21)(A), with respect to the FUNDS, as he exercised authority or control respecting the management or disposition of the FUNDS' assets on behalf of EMPLOYER.

117.   Similarly, KUMAR is a fiduciary under New York Lien Law, Article 3-A, Section 70, to the extent that he controls/controlled the proceeds received by ORBA for work performed in connection with an improvement of real property.

118.   KUMAR's failure to submit contributions due and owing from EMPLOYER to the FUNDS, as set forth in paragraphs "71" through "77" herein, constitutes a violation of ERISA fiduciary duties, 29 U.S.C. § 1104, and the fiduciary duties imposed by New York Lien Law, Article 3-A.

119.   Pursuant to ERISA, 29 U.S.C. § 1109(a), KUMAR is personally liable to make good any losses to the FUNDS resulting from each such breach and to restore any profits which would have been made through use of assets of the FUNDS.

120.   Accordingly, pursuant to 29 U.S.C. §§ 1109 and 1132(g)(1), the FUNDS are entitled to recover from KUMAR personally: (a) all of EMPLOYER's unpaid contributions for the period October 1, 2009 to date, and continuing through the pendency of this action, in an amount not less than $23,178.08, subject to verification by a complete audit; (b) accrued prejudgment interest of ten percent (10%) per annum on said unpaid contributions (as defined in the AGREEMENT); (c) audit costs; (d) reasonable attorneys' fees, expenses and the cost of the action; and (e) such other legal and equitable relief as the Court deems appropriate.

### AS AND FOR PLAINTIFF LOCAL 1's CLAIM
### FOR RELIEF AGAINST DEFENDANT KUMAR AS A FIDUCIARY

121.   Plaintiff LOCAL 1 repeats and realleges each and every allegation contained in paragraphs "1" through "120" hereof with the same force and effect as if fully set forth herein.

122.   In violation of the AGREEMENT, KUMAR failed to remit dues and assessments to LOCAL 1 for members employed by EMPLOYER for the period October 1, 2009 to date, in an amount not less than $2,731.96, subject to verification by a complete audit, as set forth in paragraphs "71" through "77" herein.

123.   Pursuant to Article XIV, Section 1(a) of the AGREEMENT, EMPLOYER deducted union dues and assessments from employees' wages and was required to remit union dues and assessments on a monthly basis to LOCAL 1 for each member of LOCAL 1 in the employ of EMPLOYER.

124.   KUMAR exercised dominion and control respecting the management or disposition of union dues and assessments by signing checks on behalf of EMPLOYER.

125.   KUMAR was obligated to hold union dues and assessments in trust and remit them to LOCAL 1.

126.   KUMAR interfered with plaintiff LOCAL 1's right to possess and control those dues and assessments.

127.   Pursuant to common law, KUMAR is personally liable to make good any losses to LOCAL 1 from any breach of his duty to remit dues and assessments due and owing LOCAL 1.

128.   Accordingly, pursuant to common law, LOCAL 1 is entitled to recover from KUMAR personally: (a) all unpaid dues and assessments found due and owing for the period October 1, 2009 and continuing throughout the pendency of this action, in an amount not less than $2,731.96, subject to verification by a complete audit; and (b) prejudgment interest on said dues and assessments from the date the cause of action accrued.

## AS AND FOR THE PLAINTIFF FUNDS' CLAIM
## FOR RELIEF AGAINST DEFENDANT RAKESH AS A FIDUCIARY

129.   Plaintiff FUNDS repeat and reallege each and every allegation contained

in paragraphs "1" through "128" of this Complaint as if fully set forth herein.

130.     EMPLOYER is required to make contributions to the FUNDS.

131.     To the extent that RAKESH signed checks on behalf of ORBA, RAKESH constitutes a fiduciary under ERISA, 29 U.S.C. §1002(21)(A), with respect to the FUNDS, as he exercised authority or control respecting the management or disposition of the FUNDS' assets on behalf of EMPLOYER.

132.     Similarly, RAKESH is a fiduciary under New York Lien Law, Article 3-A, Section 70, to the extent that he controls/controlled the proceeds received by ORBA for work performed in connection with an improvement of real property.

133.     RAKESH'S failure to submit contributions due and owing from EMPLOYER to the FUNDS, as set forth in paragraphs "71" through "77" herein, constitutes a violation of ERISA fiduciary duties, 29 U.S.C. § 1104, and the fiduciary duties imposed by New York Lien Law, Article 3-A.

134.     Pursuant to ERISA, 29 U.S.C. § 1109(a), RAKESH is personally liable to make good any losses to the FUNDS resulting from each such breach and to restore any profits which would have been made through use of assets of the FUNDS.

135.     Accordingly, pursuant to 29 U.S.C. §§ 1109 and 1132(g)(1), the FUNDS are entitled to recover from RAKESH personally: (a) all of EMPLOYER's unpaid contributions for the period October 1, 2009 to date, and continuing through the pendency of this action, in an amount not less than $23,178.08, subject to verification by a complete audit; (b) accrued prejudgment interest of ten percent (10%) per annum on said unpaid contributions (as defined in the AGREEMENT); (c) audit costs; (d) reasonable attorneys' fees, expenses and the cost of the action; and (e) such other legal and equitable relief as the Court deems appropriate.

## AS AND FOR PLAINTIFF LOCAL 1's CLAIM
## FOR RELIEF AGAINST DEFENDANT RAKESH AS A FIDUCIARY

136.    Plaintiff LOCAL 1 repeats and realleges each and every allegation contained in paragraphs "1" through "135" hereof with the same force and effect as if fully set forth herein.

137.    In violation of the AGREEMENT, RAKESH failed to remit dues and assessments to LOCAL 1 for members employed by EMPLOYER for the period October 1, 2009 to date, in an amount not less than $2,731.96, subject to verification by a complete audit, as set forth in paragraphs "71" through "77" herein.

138.    Pursuant to Article XIV, Section 1(a) of the AGREEMENT, EMPLOYER deducted union dues and assessments from employees' wages and was required to remit union dues and assessments on a monthly basis to LOCAL 1 for each member of LOCAL 1 in the employ of EMPLOYER.

139.    RAKESH exercised dominion and control respecting the management or disposition of union dues and assessments by signing checks on behalf of EMPLOYER.

140.    RAKESH was obligated to hold union dues and assessments in trust and remit them to LOCAL 1.

141.    RAKESH interfered with plaintiff LOCAL 1's right to possess and control those dues and assessments.

142.    Pursuant to common law, RAKESH is personally liable to make good any losses to LOCAL 1 from any breach of his duty to remit dues and assessments due and owing LOCAL 1.

143.    Accordingly, pursuant to common law, LOCAL 1 is entitled to recover from RAKESH personally: (a) all unpaid dues and assessments found due and owing for the period October 1, 2009 and continuing throughout the pendency of this action, in an amount not

less than $2,731.96, subject to verification by a complete audit; and (b) prejudgment interest on said dues and assessments from the date the cause of action accrued.

## AS AND FOR THE PLAINTIFF FUNDS' CLAIM
## FOR RELIEF AGAINST DEFENDANT DOE AS A FIDUCIARY

144.    Plaintiffs FUNDS repeat and reallege each and every allegation contained in paragraphs "1" through "143" of this Complaint as if fully set forth herein.

145.    DOE Fiduciary is required to make contributions to the FUNDS.

146.    To the extent that DOE Fiduciary signed checks on behalf of ORBA, DOE Fiduciary constitutes a fiduciary under ERISA, 29 U.S.C. §1002(21)(A), with respect to the FUNDS, as he/she exercised authority or control respecting the management or disposition of the FUNDS' assets on behalf of EMPLOYER.

147.    Similarly, DOE Fiduciary is a fiduciary under New York Lien Law, Article 3-A, Section 70, to the extent that he/she controls the proceeds received by ORBA for work performed in connection with an improvement of real property.

148.    DOE Fiduciary's failure to submit contributions due and owing from EMPLOYER to the FUNDS, as set forth in paragraphs "71" through "77" herein, constitutes a violation of ERISA fiduciary duties, 29 U.S.C. § 1104, and the fiduciary duties imposed by New York Lien Law, Article 3-A.

149.    Pursuant to ERISA, 29 U.S.C. § 1109(a), DOE Fiduciary is personally liable to make good any losses to the FUNDS resulting from each such breach and to restore any profits which would have been made through use of assets of the FUNDS.

150.    Accordingly, pursuant to 29 U.S.C. §§ 1109 and 1132(g)(1), the FUNDS are entitled to recover from DOE Fiduciary personally: (a) all of EMPLOYER's unpaid contributions for the period October 1, 2009 to date, and continuing through the pendency of this action, in an amount not less than $23,178.08, subject to verification by a complete audit; (b)

accrued prejudgment interest of ten percent (10%) per annum on said unpaid contributions (as defined in the AGREEMENT); (c) audit costs; (d) reasonable attorneys' fees, expenses and the cost of the action; and (e) such other legal and equitable relief as the Court deems appropriate.

### AS AND FOR THE PLAINTIFF LOCAL 1'S FIRST CLAIM
### FOR RELIEF AGAINST DEFENDANT DOE FIDUCIARY

151.    Plaintiff LOCAL 1 repeats and realleges each and every allegation contained in paragraphs "1" through "150" hereof with the same force and effect as if fully set forth herein.

152.    In violation of the AGREEMENT, DOE Fiduciary failed to remit dues and assessments to LOCAL 1 for members employed by EMPLOYER for the period October 1, 2009 to date, in an amount not less than $2,731.96, subject to verification by a complete audit, as set forth in paragraphs "71" through 77" herein.

153.    Pursuant to Article XIV, Section 1(a) of the AGREEMENT, EMPLOYER deducted union dues and assessments from employees' wages and was required to remit union dues and assessments on a monthly basis to LOCAL 1 for each member of LOCAL 1 in the employ of EMPLOYER.

154.    DOE Fiduciary exercised dominion and control respecting management or disposition of union dues and assessments by signing checks on behalf of EMPLOYER.

155.    DOE Fiduciary was obligated to hold union dues and assessments in trust and remit them to LOCAL 1.

156.    DOE Fiduciary interfered with plaintiff LOCAL 1's right to possess and control those dues and assessments.

157.    Pursuant to common law, DOE Fiduciary is personally liable to make good any losses to LOCAL 1 from any breach of his duty to remit dues and assessments due and owing LOCAL 1.

158.    Accordingly, pursuant to common law, LOCAL 1 is entitled to recover from DOE FIDUCIARY personally: (a) all unpaid dues and assessments found due and owing for the period October 1, 2009 and continuing throughout the pendency of this action, in an amount not less than $2,731.96, subject to verification by a complete audit; and (b) prejudgment interest on said dues and assessments from the date the cause of action accrued.

**AS AND FOR PLAINTIFF FUNDS' AND PLAINTIFF LOCAL 1'S
FIRST JOINT CLAIM FOR RELIEF AGAINST EMPLOYER**

159.    Plaintiff FUNDS and Plaintiff LOCAL 1 repeat and reallege each and every allegation contained in paragraphs "1" through "158" hereof with the same force and effect as if fully set forth herein.

160.    As described in paragraphs "71" through "77" herein, EMPLOYER has failed to do the following, thereby breaching its obligations under ERISA and common law: a) timely pay fringe benefit contributions to the FUNDS; and b) submit dues and assessments to LOCAL 1. EMPLOYER's conduct demonstrates a significant likelihood that it will continue to breach its obligations under ERISA and common law.

161.    Plaintiffs FUNDS and LOCAL 1 have no adequate remedy at law to ensure that EMPLOYER will adhere to its obligations under ERISA and common law.

162.    Participants of the FUNDS and members of LOCAL 1 will suffer immediate and irreparable injury unless EMPLOYER, its officers, agents, servants, employees and all persons in active concert or participation with it are enjoined from failing to pay the required contributions and dues and assessments pursuant to the AGREEMENT.

163.    Accordingly, plaintiffs FUNDS and LOCAL 1 request that this Court enjoin permanently EMPLOYER, its officers, agents, servants, employees and all persons in active concert or participation with it from failing to do the following as required by the

AGREEMENT: a) pay contributions timely to the FUNDS; and b) pay dues and assessments timely to LOCAL 1. Plaintiffs are entitled to such relief pursuant to the ERISA and common law.

**AS AND FOR PLAINTIFF FUNDS' AND LOCAL 1'S FIRST
JOINT SUPPLEMENTAL CLAIM FOR RELIEF
AGAINST DEFENDANT FIDELITY FOR PARK EAST HS**

164. Plaintiff FUNDS repeat and reallege each and every allegation contained in paragraphs "1" through "163" hereof with the same force and effect as if such were fully set forth herein.

165. Plaintiff FUNDS' first joint supplemental claim for relief against FIDELITY is a state law claim based on the same underlying facts and circumstances as the ERISA claim against ORBA contained herein.

166. Pursuant to the PARK EAST HS BOND, NY State Finance Law §137, and NY Labor Law §220-g, FIDELITY is liable "for such sum or sums as may be justly due" the FUNDS and LOCAL 1 pursuant to the AGREEMENT to the extent that ORBA refuses or fails to make payment to the FUNDS and LOCAL 1 for work performed.

167. Accordingly, the FUNDS and LOCAL 1 are entitled to judgment against FIDELITY for all amounts found due and owing by ORBA to the FUNDS and LOCAL 1 pertaining to work performed by ORBA at PARK EAST HS including interest, damages, audit costs, attorney's fees, costs and expenses.

**AS AND FOR PLAINTIFF FUNDS' AND LOCAL 1'S SECOND
JOINT SUPPLEMENTAL CLAIM FOR RELIEF
AGAINST DEFENDANT FIDELITY FOR PS 73K**

168. Plaintiff FUNDS repeat and reallege each and every allegation contained in paragraphs "1" through "167" hereof with the same force and effect as if such were fully set forth herein.

169.    Plaintiff FUNDS' second joint supplemental claim for relief against FIDELITY is a state law claim based on the same underlying facts and circumstances as the ERISA claim against ORBA contained herein.

170.    Pursuant to the PS 73K BOND, NY State Finance Law §137, and NY Labor Law §220-g, FIDELITY is liable "for such sum or sums as may be justly due" the FUNDS and LOCAL 1 pursuant to the AGREEMENT to the extent that ORBA refuses or fails to make payment to the FUNDS and LOCAL 1 for work performed.

171.    Accordingly, the FUNDS and LOCAL 1 are entitled to judgment against FIDELITY for all amounts found due and owing by ORBA to the FUNDS and LOCAL 1 pertaining to work performed by ORBA at PS 73K including interest, damages, audit costs, attorney's fees, costs and expenses.

**WHEREFORE**, plaintiffs FUNDS and LOCAL 1 hereby request judgment as follows:

a.    against EMPLOYER, for all outstanding past due contributions in the amount of $23,178.08 to the FUNDS for the period October 1, 2009 to date, and continuing throughout the pendency of this action;

b.    against EMPLOYER, for payment of all outstanding dues and assessments in the amount of $2,731.96 for the period of October 1, 2009 to date, and continuing throughout the pendency of this action;

c.    against EMPLOYER, for interest of ten percent (10%) on all unpaid contributions found to be due and owing under the AGREEMENT, in accordance with ERISA and the AGREEMENT;

d.    against EMPLOYER, for accrued prejudgment interest on all unpaid dues and assessments found to be due and owing under the AGREEMENT;

e.    against EMPLOYER, for statutory liquidated damages of twenty percent (20%) on all unpaid contributions found due and owing under the AGREEMENT, in accordance with ERISA and the AGREEMENT;

f.    against EMPLOYER, for all audit costs;

g.     against EMPLOYER, for reasonable attorneys' fees, costs and expenses, in accordance with ERISA and the AGREEMENT;

h.     against EMPLOYER permanently enjoining EMPLOYER, its officers, agents, servants, employees and all persons in active concert or participation with them, from failing to do the following: a) timely pay contributions to the FUNDS; and b) timely pay dues and assessments to LOCAL 1;

i.     against EMPLOYER, in the form of an Order under 29 U.S.C. § 1132 and common law, permitting the FUNDS the right to estimate and enter judgment on the total amount of EMPLOYER's contributions due and owing and to assess prejudgment interest of ten percent (10%) per annum (as defined in the AGREEMENT) on said contributions from the date due to the date paid, liquidated damages of twenty percent (20%) on said contributions, audit costs, reasonable attorneys' fees, costs and expenses;

j.     against EMPLOYER, in the form of an Order under 29 U.S.C. § 1132 and common law requiring EMPLOYER to produce all of its books and records deemed necessary by the FUNDS' auditors to complete the audit of EMPLOYER;

k.     against FIDELITY for all amounts due the FUNDS and LOCAL 1 pursuant to the AGREEMENT with EMPLOYER to the extent the EMPLOYER refuses or fails to make payment to the FUNDS and LOCAL 1 for employees who performed work at the PARK EAST HS project;

l.     against FIDELITY for all amounts due the FUNDS and LOCAL 1 pursuant to the AGREEMENT with EMPLOYER to the extent the EMPLOYER refuses or fails to make payment to the FUNDS and LOCAL 1 for employees who performed work at the PS 73K project;

m.     against KUMAR, RAKESH, and DOE FIDUCIARY, for all outstanding past due contributions in the amount of $23,178.08 to the FUNDS for the period October 1, 2009 to date, and continuing throughout the pendency of this action, subject to verification by a complete audit, in accordance with ERISA;

n.     against KUMAR, RAKESH, and DOE FIDUCIARY, for payment of all unpaid dues and assessments in the amount of $2,731.96 due and owing LOCAL 1 for the period October 1, 2009 to date, and continuing throughout the pendency of this action, subject to verification by a complete audit;

o.     against KUMAR, RAKESH, and DOE FIDUCIARY, for accrued prejudgment interest on all outstanding past due contributions to the FUNDS;

p.     against KUMAR, RAKESH, and DOE FIDUCIARY, for accrued prejudgment interest on outstanding dues and assessments to LOCAL 1;

q.      against KUMAR, RAKESH, and DOE FIDUCIARY, for audit costs, attorneys' fees, costs and expenses from this action, in accordance with ERISA; and

r.      for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 30, 2013

Respectfully submitted,

HOLM & O'HARA LLP
Attorneys for Plaintiffs

By: _____
Carol G. Dell (CG 7895)
3 West 35th Street, 9th Floor
New York, New York 10001
(212) 682-2280
c.dell@hohlaw.com